# EXHIBIT A

## Case No. 1:13-cv-00536-RBW

## Table of Contents

FUNCTION OF THE COURT ..................................................................................... 3

INSTRUCTIONS TO BE CONSIDERED AS A WHOLE ........................................ 4

FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS ........................... 5

JURY NOT TO TAKE CUE FROM JUDGE ............................................................ 7

COURT'S QUESTIONS TO WITNESSES ............................................................... 9

FUNCTION OF THE JURY .................................................................................... 10

QUESTIONS BY JURORS ...................................................................................... 11

SIGNIFICANCE OF PARTY DESIGNATIONS .................................................... 14

EQUALITY OF LITIGANTS – COMPANIES ........................................................ 16

EVIDENCE IN THE CASE ..................................................................................... 18

EXHIBITS DURING DELIBERATIONS ................................................................ 20

INADMISSIBLE AND STRICKEN EVIDENCE .................................................... 21

DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................. 24

INFERENCES ......................................................................................................... 27

CREDIBILITY OF WITNESSES ........................................................................... 30

NUMBER OF WITNESSES AND EXHIBITS ....................................................... 31

DEFINITION OF TERMS ...................................................................................... 33

OVERVIEW OF THE PARTIES' DAMAGES CLAIMS ...................................... 34

COMPENSATORY DAMAGES–GENERALLY .................................................... 37

MULTIPLE PLAINTIFFS WITH MULTIPLE CLAIMS ..................................... 42

MITIGATION OF DAMAGES ............................................................................... 45

CONVERSION CLAIMS ........................................................................................ 47

BREACH OF FIDUCIARY DUTY CLAIMS ........................................................ 49

CLAIM FOR VIOLATION OF THE STORED COMMUNICATIONS ACT ................... 51

PUNITIVE DAMAGES ........................................................................................... 53

CLAIM FOR VIOLATION OF THE DISTRICT OF COLUMBIA LIMITED LIABILITY
COMPANY ACT ..................................................................................................... 59

NOTE-TAKING BY JURORS ................................................................................ 63

UNANIMITY AND DUTY TO DELIBERATE ...................................................... 65

BEGINNING OF DELIBERATIONS ..................................................................... 68

**COMMUNICATIONS BETWEEN THE COURT AND THE JURY** ................................... 70

**VERDICT FORM EXPLANATION** ...................................................................... 72

**DELIVERING THE VERDICT** .......................................................................... 74

# <u>FUNCTION OF THE COURT</u>

My function as the judge is to conduct the trial of the case in an orderly, fair, and efficient manner.  As the judge I also had to rule upon questions of law arising during the trial, and must now tell you the law that applies to this case.  It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

3

# <u>INSTRUCTIONS TO BE CONSIDERED AS A WHOLE</u>

You must treat and consider all of the instructions I am now giving to you as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

# FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a written copy and a tape recording of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return

the written and taped instructions to me after

your verdict has been rendered.

# <u>JURY NOT TO TAKE CUE FROM JUDGE</u>

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of the matters you have to decide in this case, then I instruct you to disregard that indication.  Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

# COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I have asked questions of a witness to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

# **<u>FUNCTION OF THE JURY</u>**

Your function as jurors is to decide the facts. You are the only judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear, or favoritism.

# **QUESTIONS BY JURORS**

Before each witness was excused, I gave

you a chance to write down any questions you

wished the witness to answer.  As I told you I

would at the beginning of the trial, I consulted

with the lawyers about any question submitted

by one of you, and I then determined whether a

question you submitted was legally proper – just

as I would do if a lawyer asks a question.  If the

question was legally proper, I asked the witness

the question.  If I did not ask the question, that

means I decided that the question was not

11

legally proper.  I also decided that although some of your questions were legally proper, that they related to what the law is, and in that case, the instructions I will give about the law that applies in this case will answer those questions.

If you submitted a question, and I decided not to ask that question, you, as the juror who requested the question, cannot speculate or guess as to what the answer might have been and cannot discuss the question with your fellow jurors.

# **JURY'S RECOLLECTION CONTROLS**

During the trial, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

# SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms "plaintiffs" and "defendant."  To put it as simply as possible, the plaintiffs are the person or companies that start a lawsuit and the defendant is the person who is sued by the plaintiffs.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms "plaintiffs" and "defendant."  In other words, the fact that the

plaintiffs have filed a lawsuit against a

defendant does not mean that the plaintiffs are

entitled to your verdict or that the plaintiffs'

evidence is entitled to greater weight than the

defendant's evidence.  Each plaintiff must prove

every element of his or its claims against the

defendant by a preponderance of the evidence

before that plaintiff is entitled to prevail in this

case.  And what I have said in this instruction

equally applies to the claims the defendant has

brought against the plaintiffs.

# <u>EQUALITY OF LITIGANTS –<br>COMPANIES</u>

Our system of justice requires that you decide the facts of this case in an impartial manner.  You must not be influenced by bias, sympathy, prejudice, or public opinion.  It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and

of equal worth.  A company, including a limited liability company, whether large or small, has the same right to a fair trial as a private individual.  All persons, including companies, stand equal before the law and are to be treated as equals in this Court.  In other words, the fact that some of the parties are companies must not affect your decision.

# EVIDENCE IN THE CASE

You may consider only the evidence admitted in the case.  The evidence consists of the sworn testimony of witnesses and exhibits admitted into evidence.  You may also consider as evidence any facts to which the parties have stipulated or agreed to be undisputed.

Statements and arguments of the lawyers are not evidence.  They are intended only to help you to understand the evidence.  Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.  Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

# **EXHIBITS DURING DELIBERATIONS**

I will be sending the exhibits that have been admitted into evidence into the jury room with you.  You may examine any or all of them as you consider your verdict.

# <u>INADMISSIBLE AND STRICKEN EVIDENCE</u>

As you saw during the trial, the lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyer's responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You can give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

# **INFERENCES**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from the same set of facts, whether proved by direct or circumstantial evidence.  For example, the plaintiffs may have asked you to draw one set of inferences, while the defendant may have asked you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a reasonable deduction or conclusion which you, the jury, are

permitted to draw—but not required to draw—
from the facts which have been established by
either direct or circumstantial evidence.  In
drawing inferences, you should exercise your
common sense.

So, while you are considering the evidence
presented to you, you are permitted to draw,
from the facts which you find have been proven,
such reasonable inferences as would be justified
in light of your experience.

# **CREDIBILITY OF WITNESSES**

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you.  You are the only judges of the credibility or believability of the witnesses.  In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.  Judging a witness's credibility or believability means evaluating whether the witness has testified truthfully and also whether the witness

accurately observed, recalled, and described the matters about which the witness testified.

## NUMBER OF WITNESSES AND EXHIBITS

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side – it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a smaller number of exhibits on

one side, or the testimony of a greater number of

witnesses or a greater number of exhibits on the

other side.

# <u>DEFINITION OF TERMS</u>

As you heard during the trial, for ease of reference, I will refer during my instructions to Headfirst Baseball LLC as "Headfirst Baseball"; Headfirst Camps LLC as "Headfirst Camps"; and Headfirst Professional Sports Camps LLC as "Headfirst Professional."

# OVERVIEW OF THE PARTIES' DAMAGES CLAIMS

During the liability phase of this trial, you found Robert Elwood liable to Headfirst Baseball on Headfirst Baseball's claims for conversion and breach of fiduciary duty.  You also found Robert Elwood liable to Headfirst Camps on Headfirst Camps' claims for conversion, breach of fiduciary duty, and for violating the Stored Communications Act.

You also found Brendan Sullivan and Headfirst Professional liable to Robert Elwood on his counterclaim for violating the District of Columbia

34

Limited Liability Company Act. You also found that Robert Elwood and Brendan Sullivan are equal owners of the Headfirst Partnership.

If you find that Robert Elwood's conduct proximately caused harm or loss to Headfirst Baseball and/or Headfirst Camps, you must award Headfirst Baseball and/or Headfirst Camps a sum of money on each claim that will fairly and reasonably compensate them for any such harm or loss.

Likewise, if you find that Brendan Sullivan and/or Headfirst Professional's conduct proximately caused harm or loss to Robert Elwood, you must

award Robert Elwood a sum of money that will

fairly and reasonably compensate him for any such

harm or loss.

# COMPENSATORY DAMAGES– GENERALLY

The party who makes a claim or counterclaim for compensatory damages has the burden of proving the amount of damages he or it suffered and consequently the amount of money the party who caused the harm is required to pay.  In order to prove that they are entitled to recover money as damages, Headfirst Baseball and Headfirst Camps must separately prove each of their claims for damages by a preponderance of the evidence, and Robert

Elwood must prove his counterclaims for damages by a preponderance of the evidence.

To establish a claim or counterclaim for compensatory damages by a preponderance of the evidence, the party that has the burden of proof must present to you evidence sufficient to show that it is more likely true than not true that the party seeking to recover money as damages is entitled to the money because of the wrongful conduct of the other party.  Because this is a civil case, the party seeking damages need not prove any claim or counterclaim for damages

beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue regarding damages that one of the plaintiffs had to prove, then your finding on that issue must be for the defendant, because the plaintiff has not proven that issue by a preponderance of the evidence. Similarly, if you believe that the evidence is evenly balanced on an issue regarding damages that the defendant had to prove, then your finding on

that issue must be in favor of the plaintiff seeking to recover damages, because the defendant has not proven the issue by a preponderance of the evidence.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you may draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.

But you should not rely on speculation or guesswork.

# MULTIPLE PLAINTIFFS WITH MULTIPLE CLAIMS

This case involves multiple claims brought separately by Headfirst Baseball and Headfirst Camps against Robert Elwood. Each company brought a claim for conversion and separate claims for breach of fiduciary duty. In addition, Headfirst Camps claimed that Robert Elwood violated the Stored Communications Act. As you consider what damages, if any, should be awarded with respect to each of these claims, it

is important for you to keep the following in mind:

Compensatory damages only entitle the injured party to be made whole again, and not to recover more than it or he lost. Therefore, you should not award compensatory damages more than once for the same injury. This means that a party cannot recover the same damages twice for the same injury, even though the recovery is based on two different theories of liability. Thus, if two different claims arise from the same operative facts, and seek identical relief,

an award of damages under both theories will
constitute a double recovery, which is not
allowed under the law.  However, you are not
prohibited from allocating a single award of
damages between two distinct theories of
liability.  And if different injuries are the
product of different theories of liability, then
you must compensate the injured party fully for
each of the injuries.

# **MITIGATION OF DAMAGES**

When a person or company suffers damages as a result of the wrongful act or acts of another party, that person or company has a duty to do all that is reasonably within his or its power to mitigate, or in other words, lessen, the amount of the damages.

In this case, with respect to Headfirst Baseball's and Headfirst Camps' claims, Robert Elwood has the burden of proving that the plaintiffs failed to take reasonable action to lessen their damages.  If Robert Elwood has

proved by a preponderance of the evidence that the plaintiffs have not acted as an ordinarily prudent person or company should have acted to avoid or lessen the amount of their damages, then the plaintiffs may not receive any amount of those damages that could or should have been lessened or avoided.

# <u>CONVERSION CLAIMS</u>

Headfirst Baseball seeks damages from Robert Elwood for his conversion of its property after April 21, 2010, and before January 14, 2012.  Headfirst Camps seeks damages from Robert Elwood for his conversion of its property after January 14, 2012.  You may award each company an amount that will reasonably and fairly compensate it for the value of property lost because of Robert Elwood's conversion of each company's property.  That amount is equal to the fair market value of the property at the

time it was taken or wrongfully used.  You may not award any damages for any conversion that occurred before April 21, 2010.

# **<u>BREACH OF FIDUCIARY DUTY CLAIMS</u>**

Headfirst Baseball seeks damages for Robert Elwood's breach of his fiduciary duty owed to the company for his unauthorized use of company funds after April 21, 2010, and before January 14, 2012.  Headfirst Camps seeks damages for Robert Elwood's breach of his fiduciary duty owed to the company for his unauthorized use of its company funds after January 14, 2012.  You may award damages in an amount that reasonably and fairly compensates Headfirst Baseball and Headfirst

Camps for any losses proximately caused by such breaches.  You may not award any damages for alleged breaches that occurred before April 21, 2010.

# CLAIM FOR VIOLATION OF THE STORED COMMUNICATIONS ACT

You found that Robert Elwood violated the Stored Communications Act when he accessed Headfirst Camps' Google AdWords account without authorization and prevented Headfirst Camps from being able to gain access to that account.  If you find that Headfirst Camps suffered actual damages from Elwood's violation of the Stored Communication Act, then you must award Headfirst Camps a minimum of $1,000 for Robert Elwood's

violation~~, and any additional amount of damages actually suffered by Headfirst Camps as a result of Robert Elwood's violation of the Stored Communications Act~~. *See Hoofnagle v. Smyth-Wythe Airport Comm'n*, No. 1:15CV00008, 2016 WL 3014702, at *12 (W.D. Va. May 24, 2016) (relying on Fourth Circuit case law to find that "in order for [a plaintiff] to recover statutory damages [under the SCA], he must prove actual damages.").

# **PUNITIVE DAMAGES**

In addition to compensatory damages,

Headfirst Baseball and Headfirst Camps each

also seek an award of punitive damages against

Robert Elwood.  Punitive damages are available

only if an amount of compensatory damages

have been proven as to a claim for which

punitive damages are sought by either Headfirst

Baseball or Headfirst Camps.  Punitive damages

are therefore an award of a sum of money above

and beyond the amount of compensatory

damages you may award.  Punitive damages are

awarded to punish the defendant for his conduct

and to serve as an example to prevent others

from acting in a similar way.  The party seeking

punitive damages must prove all the elements of

his punitive damages claim on that issue by

clear and convincing evidence.

Clear and convincing evidence is a higher

standard of proof than is proof by a

preponderance of the evidence, where you need

believe only that a party's claim is more likely

true than not true.  Clear and convincing proof is

proof that leaves no substantial doubt in your

mind.  It is proof that establishes in your mind, not only that the position at issue is probable, but rather that it is highly probable.  But again, because this is a civil case, clear and convincing evidence is not the even higher standard of proof that applies in criminal cases, which is proof beyond a reasonable doubt.

You may award punitive damages only if Headfirst Baseball and Headfirst Camps proved by clear and convincing evidence the following two elements:

(1) that Robert Elwood acted with evil motive, actual malice, or in willful disregard for the rights of Headfirst Baseball and~~or~~ Headfirst Camps; and

(2) that Robert Elwood's conduct itself was outrageous or grossly fraudulent.

In other words, Headfirst Baseball and Headfirst Camps must prove that Robert Elwood's conduct was egregious and that he acted with either an evil or reckless state of mind.

You may conclude that Robert Elwood acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

To determine the amount of a punitive damages to award in this case, if any, you may consider the net worth of Robert Elwood at the time of trial, the nature of the wrong or wrongs committed, the state of mind of Robert Elwood when the wrong or wrongs were committed, the cost and duration of the litigation, and any

attorney's fees that Headfirst Baseball and Headfirst Camps have incurred in this case.  If Headfirst Baseball and Headfirst Camps prove that they are entitled to punitive damages, your award of such punitive damages should be sufficient to punish Robert Elwood for his conduct and to serve as an example to prevent others from acting in a similar way.  However, the award must not cause the financial ruin of Robert Elwood or lead to his bankruptcy.

# CLAIM FOR VIOLATION OF THE DISTRICT OF COLUMBIA LIMITED LIABILITY COMPANY ACT

Robert Elwood claims that Brendan Sullivan and/or Headfirst Professional misallocated to Headfirst Professional a share of the expenses shared betweenincurred by Headfirst Camps and Headfirst Professional that were incurred from January 1, 2013, through May 3, 2013, resulting in Robert Elwood being deprived of a distribution of money as a result of his interest as a member of Headfirst Professional.  Robert Elwood therefore seeks damages for Brendan

59

Sullivan's violation of the District of Columbia
Uniform Limited Liability Company Act and for
Headfirst Professional's violation of the District
of Columbia Uniform Limited Liability
Company Act.

You may award damages in an amount that
reasonably and fairly compensates Robert
Elwood for any losses proximately caused by
such violations. ~~Robert Elwood is only entitled
to damages for the time that he was wrongfully
deprived of his right to manage Headfirst
Professional, which I have determined to be the~~

~~period from January 1, 2013, which is the first date on which Robert Elwood was deprived of his management rights in Headfirst Professional, through May 3, 2013, which is the date I have determined Robert Elwood was properly expelled as a member of Headfirst Professional.~~

If you find that Robert Elwood is entitled to damages from either Brendan Sullivan or Headfirst Professional, then you must award such damages in a single amount ~~regardless of whether the award is against just one or~~ against both of them.  In other words, because Headfirst

Professional ~~could only act~~acted only through the actions of Brendan Sullivan, then only a single amount can be awarded to Robert Elwood ~~regardless of whether you find the damages are due from Brendan Sullivan alone, Headfirst Professional alone, or that both are obligated to pay damages to Robert Elwood~~ based on their violation of the District of Columbia Limited Liability Company Act.

# NOTE-TAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. The notes are intended to be for the note-taker's own personal use. You therefore should not read your notes aloud or show them

to your fellow jurors.  Those jurors who have

not taken notes should rely on their own

memory of the evidence.

# UNANIMITY AND DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror.  In order to return a verdict, your verdict must be unanimous – that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict.  You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of

other jurors' opinions.  However, you should seriously consider the views of your fellow jurors, just as you expect them to seriously consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts.  You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations, your

purpose should not be to support your own

opinion but to determine the facts.

# **BEGINNING OF DELIBERATIONS**

It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict.  When a juror announces a firm position at the outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations.  Calmly reviewing and discussing the case is often a more useful way to begin.

Remember that you are not partisans or

advocates, but judges of the facts.

# COMMUNICATIONS BETWEEN THE COURT AND THE JURY

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the clerk or one of the Marshals, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstance, to reveal to any person—not the clerk, the Marshal, or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 5 to 5, 4 to 6, or 9 to 1, or in any other fashion—whether the vote favors any of the plaintiffs or the defendant, or on any other issue in the case.

# **VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form

for use when you have concluded your

deliberations.  The form is not evidence in this

case, and nothing in it should be taken to

suggest or convey any opinion by me as to what

the verdict should be.  Nothing in the form

replaces the instructions of law I have already

given you, and nothing in it replaces or modifies

the instructions about the elements which the

plaintiffs and the defendant must prove by a

preponderance of the evidence.  The form is

meant only to assist you in recording your

verdict.

# **<u>DELIVERING THE VERDICT</u>**

When you have reached your verdict, send me a note – signed by the foreperson – telling me you have reached your verdict.  Do not tell me in the note what your verdict is.  I will provide you with two verdict forms.  The foreperson should fill out and sign the verdict forms, and each juror shall also sign the verdict forms.  I will then call you into the courtroom and ask the foreperson for the verdict form and have your foreperson indicate your verdict.